# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JANA E. ENGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-963 CAS |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Jana E Engel's ("plaintiff") motion to remand. Defendant Life Insurance Company of North America ("LINA") opposes the motion. No reply was filed and the time to do so has passed. For the following reasons, the Court will deny the motion to remand.

**Background**

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri, alleging breach of contract related to a long term disability insurance policy. Plaintiff seeks disability benefit payments, statutory vexatious refusal to pay penalties and attorney's fees. Plaintiff alleges that she began to suffer from a medical condition in 2008 which left her unable to perform the duties of her employment as a teacher, or any other occupation. Plaintiff submitted a claim under the disability policy issued by LINA and received disability payments for several months, but LINA discontinued the payments in September 2008. The petition asserts a claim for disability benefits from September 2008 and into the future. Plaintiff alleges that she is totally and permanently disabled.

Plaintiff moves to remand on the basis that the amount in controversy in this case does not exceed the $75,000 jurisdictional minimum established by 28 U.S.C. § 1332(a). Plaintiff asserts that

the back due amount under the policy is $43,794, the statutory ten percent penalty for vexatious refusal would be approximately $4,379, and these amounts, together with her reasonable attorney's fees, are far below the jurisdictional amount of $75,000. LINA responds that the future benefits plaintiff seeks, when discounted to present value, are valued at approximately $424,400 and therefore the amount in controversy is met. LINA further responds that the statutory penalty on the total amount sought would exceed $40,000 and based on similar cases, plaintiff's attorney's fees in this matter could easily exceed $30,000 through trial.

**Legal Standard**

Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007). "The party invoking federal jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence." Advance America Serv. of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (citing Rasmussen v. State Farm Mut. Auto Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005)). In a case removed on the basis of diversity of citizenship, a federal court does not have "subject matter jurisdiction if it appears to a legal certainty that the value of the [plaintiff's] claim is less than the required amount of $75,000." Id. (citing In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir.2003)).

In determining the amount in controversy, both punitive damages and attorney's fees are considered. See Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages); Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees). However,"only statutory attorney fees count toward the jurisdictional minimum calculation."

Rasmussen, 410 F.3d at 1031 (citing Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 765 (8th Cir. 2001)).

**Discussion**

Plaintiff seeks disability benefits from September 2008 to the date of filing in the amount of approximately $40,000, and future benefits. The petition alleges that plaintiff is totally and permanently disabled. LINA argues that the future benefits plaintiff seeks are properly considered in determining the amount in controversy, in addition to statutory penalties and attorney's fees, In support, LINA submits the affidavit of Kellie Downey, which states that plaintiff's claim for disability benefits is based on a monthly benefit of $2,433 and that the future long-term disability benefits claimed by plaintiff discounted to present value total $424,403.41. Plaintiff did not reply to LINA's assertion.

The Eighth Circuit has instructed that "[w]here the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit." Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 249 (8th Cir. 1987). Federal courts have held that the jurisdictional minimum can be met even though the outstanding claim is for less than the jurisdictional amount, where there are potential future claims under a policy. See, e.g., Prudential Ins. Co. v. Thomason, 865 F. Supp. 762, 765 (D. Utah. 1994) (jurisdictional amount met where insured sought $30,000 in disability claims but possibility of future claims existed); Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988) (object of litigation exceeded jurisdictional amount because of possibility of future claims under insurance policy, even though outstanding claim was for less than the jurisdictional amount).

Here, plaintiff's petition expressly seeks future benefits which accrue on a monthly basis, and she alleges permanent disability. LINA has established by a preponderance of the evidence that

3

the value of plaintiff's claim as pleaded, including future benefits discounted to present value, greatly exceeds the sum of $75,000. This is without even considering the possible statutory penalty and attorney's fees. Therefore, it does not appear to a legal certainty that the amount in controversy in this action is less than $75,000, and the Court has jurisdiction based on diversity of citizenship.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**. [Doc. 8]

　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of July, 2010.

4